## Rosenbaum Co. v. Tomlinson

*Weis & Weis*, for plaintiff.

*Hyman Borovetz*, for defendant.

MONTGOMERY, J., February 27, 1956.—The question here involved comes before the court upon plain-

tiff's petition for a rule to take the deposition of defendant, and defendant's petition for a protective order invoking, inter alia, the protection of defendant's privilege against self-incrimination.

On May 21, 1954, a suit was filed at no. 1821 July term, 1954, to recover the sum of $15,286.49 allegedly taken and appropriated by defendant with the aid of and through the manipulation of one Harriott Reilly, plaintiff's head cashier. The alleged appropriation commenced on or about June, 1950, and continued thereafter for a period of about 30 months but not later than March 19, 1953, the date of the said Harriott Reilly's death.

Preliminary objections in the nature of a motion for more specific pleading were filed and following the argument thereon, on December 13, 1954, this court sustained the objections and leave was granted to plaintiff to amend its complaint within 40 days.

On December 30, 1954, defendant was notified through her counsel that her deposition would be taken on January 7, 1955, in accordance with Pa. R. C. P. 4007. Defendant's counsel presented a petition for a protective order invoking the protection of his client's privilege against self-incrimination.

The original suit at no. 1821 July term, 1954, was discontinued to prevent the entry of a compulsory nonsuit at the expiration of the 40 days' time allowed to amend plaintiff's complaint. Discontinuance was accomplished on January 20, 1955, with the intention of commencing a second action, the case at bar, after the statute of limitations of two years for a criminal proceeding had expired. This suit was filed February 28, 1955, so that any deposition of defendant would be taken more than two years following the completion of the alleged series of crimes.

Plaintiff's request for defendant's deposition was renewed on April 27, 1955, in the pretrial court and

the question was reserved for decision by the court en banc.

The only issues involved in these proceedings are: (1) Whether or not defendant's deposition may be properly allowed under rule 4007 of the Rules of Civil Procedure; and (2) whether rule 4011(c) may be invoked by defendant after the expiration of the statute of limitations for the alleged crime which forms the basis of the action.

Rule 4007(a) provides:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not *privileged*, which is relevant to the subject matter involved in the action and will *substantially aid* in the preparation of the pleadings or the preparation or trial of the case." (Italics supplied)

Plaintiff in these proceedings, although having filed a complaint at no. 1821 July term, 1954, has not filed a complaint in the present action. It is the opinion of this court that rule 4007 should be given a broad interpretation so as to allow discovery in aid of preparation or trial of a case. However, some limitation should be placed upon the use of discovery where it appears that the purpose of the discovery is not to "substantially aid" in the preparation of the pleadings or the preparation or trial of the case, but where the purpose is to determine whether or not a cause of action in fact exists. When used for the latter purpose it would appear that the request for oral depositions does not properly fall within the purview of rule 4007. In this case plaintiff was compelled to discontinue its original action because it was unable

to amend its complaint so as to properly state a cause of action. To allow plaintiff to take defendant's deposition in a subsequent action in which only a writ of summons has been filed would, in our opinion, improperly distort the reasonable scope of the rule.

Just as important to defendant's contentions in this proceeding is the fact that the desired oral examination of defendant by plaintiff directly relates to the subject matter of a crime or series of crimes for which the criminal statute of limitations has expired. Clearly, if the statute of limitations had not yet expired the matter would be absolutely privileged upon defendant's invoking a protective order under rule 4011. The general rule is that matter which is privileged at the trial of the action, and, therefore, to be excluded from evidence, must be equally excluded from disclosure during the pretrial discovery proceedings. The witness is entitled to the same protection at one stage as at the other. Accordingly, the issue resolves itself to whether or not defendant would be compelled to testify relating to the subject matter of the cause of action on the actual trial of the suit, and, therefore, the usual rules of evidence governing the privilege against self-incrimination apply.

Although there are decisions in the Federal courts which hold that a witness cannot assert the privilege against self-incrimination if the statute of limitations has barred a prosecution, in this Commonwealth, the case of McFadden v. Reynolds, 20 W.N.C. 312, containing the only holding on this question, has never been overruled. In that case the Supreme Court of Pensylvania held that a witness is protected against incriminating himself in such a manner as to protect himself, even though the statute of limitations would bar a prosecution, since the witness would nonetheless have to undergo the trouble and expense of counsel

in order to impose such a defense. Although this decision was handed down prior to the enactment of the Act of May 23, 1887, P. L. 158, sec. 10, 19 PS §631, which provides any competent witness, except defendants on trial in criminal court, may be compelled to testify in any proceeding, criminal or civil, but may not be compelled to answer any question which in the opinion of the trial judge, would tend to incriminate him; this court is prone to follow such a decision, especially in discovery proceedings.

Therefore, it is the opinion of this court that the mere filing of a writ of summons without a complaint, after a previous action was discontinued because the complaint could not be amended, does not provide plaintiff with a sufficient basis to sustain its claim that the depositions here sought will "substantially aid in the preparation of the pleadings or the preparation or trial of the case." It appears to be more of an attempt to support a mere hope or suspicion which has not heretofore been supported by *any* concrete allegation. And further, the court is inclined, especially in view of these circumstances, to allow defendant the protection of rule 4011(c) even though the statute of limitations for the crime alleged has expired.

An order will be drawn refusing plaintiff's petition to take the deposition of defendant.

### Order

And now, to wit, February 27, 1956, upon a consideration of the petition of plaintiff for a rule to take the deposition of defendant, defendant's answer to the petition, and after oral argument before the court en banc, it is ordered and decreed that the prayer of plaintiff's petition be and is hereby denied.

Eo die exception noted to plaintiff and bill sealed.